# RESCRIPT OPINIONS.

Robert T. O'Brien *vs.* Contributory Retirement Appeal Board & another.[1] No. 09-P-533. February 18, 2010. *Contributory Retirement Appeal Board. Administrative Law,* Substantial evidence. *Public Employment,* Accidental disability retirement. *Words,* "Regular compensation."

O'Brien had been employed at all material times as a correction officer for the Suffolk County sheriff's office, when on May 6, 2001, he sustained serious disabling injuries in the course of his employment.[2] He applied for accidental disability retirement benefits pursuant to G. L. c. 32, § 7, in May, 2002.

At issue is whether certain contract-based remuneration received by O'Brien — holiday pay, a fitness bonus, a uniform allowance, longevity pay, and an educational differential — qualified as "regular compensation," as that term is used in G. L. c. 32, § 1, as amended by St. 1979, c. 681, for the purpose of calculating his retirement allowance. Section 1 provides in pertinent part:

> " 'Regular compensation' . . . shall mean the salary, wages or other compensation in whatever form, lawfully determined for the individual service of the employee by the employing authority, not including bonus, overtime, severance pay for any and all unused sick leave, early retirement incentives, or any other payments made as a result of giving notice of retirement. . . ."

The Boston Retirement Board (board) decided that the holiday pay and uniform allowance did not qualify as "regular compensation"; the board also declined to factor a contract-based educational differential, longevity payment, and a fitness bonus into its calculation of O'Brien's "regular compensation."

O'Brien lodged an appeal with the Contributory Retirement Appeal Board (CRAB), contesting the board's decision to exclude the contract-based differentials and other benefits from his "regular compensation" for purposes of calculating his retirement allowance.[3]

CRAB referred the administrative appeal to the Division of Administrative Law Appeals (DALA). On March 2, 2007, after a hearing, an administrative magistrate made detailed findings of fact and concluded:

> (1) the board had used the correct figure ($1,164.75) as weekly base pay upon which to calculate O'Brien's regular compensation;

---

[1]Boston Retirement Board.

[2]O'Brien became a member of the Boston retirement system in July of 1979. As of 2001, he was a captain and a shift commander in the sheriff's office.

[3]Initially, the board and O'Brien (with his counsel) met to discuss the points of contention, which led the board to adjust his retirement allowance upward for some but not all of the pay components in question.

(2) the board properly excluded the holiday pay and fitness bonus in calculating his regular compensation; and

(3) O'Brien was entitled to have his recurring educational differential, uniform allowance, and annual longevity pay factored into the computation of his retirement allowance.[4]

CRAB adopted the magistrate's findings, in full, as its own, and affirmed her decision.

The board and O'Brien commenced separate actions in Superior Court seeking G. L. c. 30A review of CRAB's decision. A judge of the Superior Court affirmed CRAB's decision, and ordered the entry of a judgment on the pleadings in favor of CRAB in the consolidated action.

The standard of review is well-settled: a court may set aside a CRAB decision if legally erroneous or unsupported by substantial evidence. See, e.g., *Robinson* v. *Contributory Retirement Appeal Bd.*, 20 Mass. App. Ct. 634, 636 (1985); *Kozloski* v. *Contributory Retirement Appeal Bd.*, 61 Mass. App. Ct. 783, 786 (2004), and the authorities cited therein.

CRAB's decision is correct insofar as it declared the holiday pay and fitness bonus did not qualify as "regular compensation," as defined by G. L. c. 32, § 1, for the purpose of calculating the retirement allowance. CRAB correctly determined that an educational differential and longevity pay did qualify as "regular compensation" under § 1. However, the same cannot be said of CRAB's determination that the uniform allowance qualified as "regular compensation" for the purpose of computing O'Brien's retirement allowance.

Based on a recent opinion of the Supreme Judicial Court — *Pelonzi* v. *Retirement Bd. of Beverly*, 451 Mass. 475 (2008) — it is plain that CRAB erred in concluding the "uniform allowance" paid to O'Brien qualified as "regular compensation" for purposes of calculating the retirement allowance to which he was entitled. *Pelonzi* was decided before the judge entered his order on the cross motions for judgment on the pleadings, but after CRAB had issued its decision in the O'Brien appeal.

*Pelonzi* decided that the value of a retiree's personal use of a motor vehicle, furnished to him during his service as the commissioner of public safety, by his municipal employer (city of Beverly), did not qualify as "regular compensation," within the meaning of § 1. *Pelonzi, supra* at 478, 482. Guided by case precedent under G. L. c. 32, § 1, including but not limited to *Bulger* v. *Con-*

---

[4]In her decision, the magistrate pointed out the collective bargaining agreement (CBA) then in place provided for a uniform allowance for all employees required to wear a uniform, including O'Brien. "The annual lump sum allowance was $450," she noted. Alternatively, she stated, an employee was paid an additional $.22 per hour for all regularly scheduled hours worked.

The magistrate also found that the CBA called for an "annual longevity payment" in the amount of $884 for employees (including O'Brien) with twenty years of service but less than twenty-five years.

Furthermore, the magistrate determined that the CBA authorized an "education differential" of $1.20 per hour for members who had earned a bachelor's degree. Though O'Brien held an associate's degree, the magistrate found that he received the "$1.20 per hour differential pursuant to a side letter which provided that all captains with greater than fourteen (14) years of service would be paid as if they had attained" a bachelor's degree.

*tributory Retirement Appeal Bd.*, 447 Mass. 651, 658 (2006), the Supreme Judicial Court stated:

> "The Legislature has carefully set out what may be included in the calculation of a public employee's retirement allowance. Although § 1's definition of '[r]egular compensation' may be broad, there is nothing in the entire statutory scheme that would indicate a legislative intent to include an employer-supplied automobile that is required by the fundamental nature of an employee's job. Employers routinely supply employees with other noncash job related accessories and benefits (e.g., cellular telephones, personal computers, facsimile machines, parking spaces) to enable their employees to perform their jobs more efficiently, and may authorize the personal use of these benefits as a matter of convenience."

*Pelonzi, supra* at 482. This rationale also rings true in the instant appeal.

The retiree's uniform allowance does not denote "recurring payments for an employee's services." *Id.* at 479, quoting from *Bulger* v. *Contributory Retirement Appeal Bd.*, 447 Mass. at 658. A uniform allowance is not a form of payment, or "other compensation," for the services rendered by the employee; rather, it is a benefit offered by the public employer as a matter of convenience so that its employees will be attired in standard and identifiable clothing on the job, especially in light of the potentially dangerous setting in which the employees work. The uniform is a "tool" required to be used by the employees in the sheriff's office.

*Pelonzi* effectively forecloses O'Brien's claim that the uniform allowance qualifies as "regular compensation" for the purpose of computing the retirement allowance to which he is entitled. O'Brien's uniform allowance was not intended by his employer to compensate him "for his service," but rather "it was given to him to use" in connection with his official duties and job title as a correction officer. *Pelonzi, supra* at 480.

Based on the foregoing, the judgment of the Superior Court is affirmed insofar as it upholds the board's exclusion of holiday pay and the fitness bonus, and requires the inclusion of the educational differential and longevity pay, in the board's calculation of O'Brien's regular compensation. The judgment is reversed to the extent that it requires the inclusion of the uniform allowance in the computation of O'Brien's regular compensation. The matter is remanded to the Superior Court with a directive to transmit the case to CRAB so that it (or the board) may recalculate and make the necessary adjustments to the retirement allowance to which O'Brien is entitled under G. L. c. 32 consistent with this opinion.[5]

*So ordered.*

*Michael C. Akashian* for the plaintiff.

*Edward McKenna* for Boston Retirement Board.

*David Hadas*, Assistant Attorney General, for Contributory Retirement Appeal Board.

---

[5]The Supreme Judicial Court pointed out that it is not determinative one way or another that retirement deductions were not taken from the foregoing items. See *Pelonzi* v. *Retirement Bd. of Beverly*, 451 Mass. at 477 n.5.